UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VOLODYMYR MOISEYEV,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br><br>　　　　　　Defendant. | CASE NO. C23-1613JLR<br><br>ORDER |

Before the court is Defendant United States Department of Homeland Security's ("DHS") motion to dismiss for lack of jurisdiction. (Mot. (Dkt. # 9); Reply (Dkt. # 15).) In response to DHS's motion, *pro se* Plaintiff Volodymyr Moiseyev wrote a letter to the court, expressing his desire "to continue litigation." (Letter (Dkt. # 12) at 3.) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS DHS's motion.

//

ORDER - 1

1        On October 20, 2023, Mr. Moiseyev filed a complaint seeking "an order compelling Defendant to promptly adjudicate Plaintiff's pending asylum application." (Compl. (Dkt. # 1) at 3.)  On May 21, 2024, the San Francisco Asylum Office issued its decision for Mr. Moiseyev's asylum application.  (Lehman Decl. (Dkt. # 10) ¶ 3.)

        "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curium).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "Federal courts lack jurisdiction to consider moot claims," *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1172 (9th Cir. 2009), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action, Fed. R. Civ. P. 12(h)(3); *see also Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.").

        Here, Mr. Moiseyev has achieved the relief sought in the complaint:  adjudication on his asylum application.  As DHS argues, to the extent Mr. Moiseyev alleged an injury in fact, this court can no longer redress that injury.  (Mot. at 4.)

//
//
//
//

Accordingly, the court GRANTS DHS's motion (Dkt. # 9) and DISMISSES this matter without prejudice.

Dated this 26th day of June, 2024.

JAMES L. ROBART
United States District Judge